[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11525
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 15, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-00121-CG-N-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAY DEWAYNE WARD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(February 15, 2011)

Before BLACK, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Jay Ward appeals the 151-month sentence imposed following his

convictions for conspiracy to manufacture methamphetamine and possession of

pseudoephedrine. After a thorough review of the record, we affirm.

Ward pleaded guilty to one count of conspiracy to manufacture more than 50 grams of methamphetamine, in violation of 21 U.S.C. § 846, and 29 counts of possession of pseudoephedrine knowing and having reasonable cause to believe that it would be used to manufacture a controlled substance, in violation of 21 U.S.C. § 841(c)(2). At the change of plea hearing, Ward admitted that he purchased pseudoephedrine and supplied it to others to cook methamphetamine in excess of 50 grams, but he disagreed with the government's proffer regarding the amount of drugs involved.

The probation officer prepared a presentence investigation report (PSI) in which he held Ward was responsible for any amount of drugs reasonably foreseeable as part of the conspiracy. The probation officer determined the amount to be 313 grams of pseudoephedrine, which was then converted to its marijuana equivalent and assigned a base offense level of 34.[1] With a reduction for acceptance of responsibility, the total adjusted offense level was 31. Ward had a lengthy criminal history, which placed him in category IV and yielded a guideline range of 151 to 188 months' imprisonment.

---

[1] The sentencing guidelines instruct that if the controlled substance is not specifically mentioned in U.S.S.G. § 2D1.1, the court should determine the base offense level using the marijuana equivalency. U.S.S.G. § 2D1.1, comment. (nn.5, 10). Using this calculation, one gram of pseudoephedrine equals ten kilograms of marijuana. *Id.*, comment. (n.10(E)).

Ward raised two objections to the PSI: First, he objected to the amount of drugs for which he was held accountable. Second, he objected to the failure to recommend a reduction for minimal role in the offense.

At sentencing, the government called co-conspirator Carlos Lee McDonald, who testified that he knew Ward was involved in manufacturing methamphetamine and that he cooked drugs with Ward. McDonald and Ward had agreed that Ward would supply pseudoephedrine pills and in exchange he could keep half of the methamphetamine they cooked. Ward and McDonald cooked together at least once a week from March through August 2008. McDonald cooked, on average, about 80,000 milligrams a week, but he cooked with other people in addition to Ward. McDonald estimated that Ward was involved in about half the cooking McDonald did. The court concluded that McDonald's testimony was credible and that based on this testimony, Ward was involved with the equivalent of 4,000 kilograms of marijuana. That amount corresponded to a base offense level of 34.

Ward then argued that he was a minimal participant compared to the others involved in the conspiracy. The court disagreed and denied Ward's request for a role reduction. Having calculated the guideline range, the court stated that it had considered the guidelines and found an appropriate sentence to be at the low end

of the guideline range. The court specifically noted the large quantity of drugs involved, the seriousness of the offense, and the need to punish and deter Ward. Finally, the court stated that, even if its guideline calculations were incorrect, a 151-month sentence was appropriate. Ward now appeals, arguing that the district court incorrectly determined the amount of drugs for which he was responsible and improperly denied a role reduction.

We review a district court's factual determination of the drug quantity attributable to a defendant for clear error. *United States v. Rodriguez*, 398 F.3d 1291, 1296 (11th Cir. 2005). The government has the burden to establish the drug quantity by a preponderance of the evidence. *Id.* We also review a district court's determination of a defendant's role in the offense for clear error. *United States v. De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (*en banc*). Under U.S.S.G. § 3B1.2, "[i]f the defendant was a minimal participant in any criminal activity, decrease by 4 levels." U.S.S.G. § 3B1.2(a). The minimal-participant adjustment

> is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group. Under this provision, the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant. It is intended that the downward adjustment for a minimal participant will be used infrequently.

*Id.* § 3B1.2, comment. (n.4).

4

In this case, even if we were to assume that the court erred in its guideline calculations, the errors were harmless. *See United States v. Keene*, 470 F.3d 1347, 1348-49 (11th Cir. 2006) (explaining that a Guidelines calculation error is harmless, and thus does not require remand, when (1) the record includes evidence that the district court would have reached the same result even if it had decided the Guidelines issue the other way, and (2) the sentence imposed would be reasonable even if the Guidelines issue had been decided the other way); *see also United States v. Tampas*, 493 F.3d 1291, 1305 (11th Cir. 2007) (reasoning that the district court stated that it would have imposed the same sentence regardless of its guideline calculations, recognized the advisory nature of the guidelines, stated that the sentence complied with the 18 U.S.C. § 3553(a) factors, and imposed a sentence within the statutory maximum). The district court stated that it would impose the same sentence even if its determination of drug quantity was incorrect. Thus, as long as the sentence imposed is reasonable, we need not address the guideline issues. *Id.* at 1348-50.

In reviewing a sentence for reasonableness, we consider whether the statutory factors in § 3553(a) support the sentence in question. *Gall v. United States*, 552 U.S. 38, 52-53 (2007). Under § 3553(a), the sentencing court shall impose a sentence "sufficient, but not greater than necessary" to comply with the

5

purposes of sentencing listed in § 3553(a)(2), namely reflecting the seriousness of the offense, promoting respect for the law, providing just punishment for the offense, deterring criminal conduct, protecting the public from future criminal conduct by the defendant, and providing the defendant with needed educational or vocational training or medical care. *See* 18 U.S.C. § 3553(a)(2). The statute also instructs the sentencing court to consider certain factors, including the nature and circumstances of the offense and the history and characteristics of the defendant. *See* 18 U.S.C. § 3553(a)(1).

Our review confirms that the sentence imposed here was reasonable. The district court considered the seriousness of the offense, the large quantity of drugs involved in the conspiracy in general, and the quantity with which Ward was directly involved. The court also cited the need to punish and deter Ward's behavior. Based on these factors, and given Ward's lengthy criminal history, we conclude that this sentence is reasonable.

**AFFIRMED.**